### EQUITABLE LIEN IN DONOR.

Circuit Court of Cuyahoga County.

JOHN HICKS v. ELIZABETH A. BOOL ET AL.

Decided, 1906.

*Donor of Real Estate with Interest Reserved Has an Equitable Lien.*

Where one buys real estate and causes it to be deeded to another under a verbal agreement that the donee shall pay to the donor interest on his investment during his natural lifetime; *Held:* That the donor has an equitable lien upon the real estate to enforce payment of interest as agreed.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

That this suit should either have been brought by the one party or defended by the other is as absurd as it is deplorable. And our decision can not be construed as a vindication of either, inasmuch as it necessarily proceeds upon principles that have not been mooted before us.

The plaintiff and defendant are father and daughter. By agreement between them, the former bought a house and lot which he caused to be conveyed to the latter as a gift; she, however, to pay him interest on the purchase price during his life. He asserts that this obligation was to be secured by mortgage, and she denies it, or other contract lien upon the property. The payments have been regularly made and the daughter is able, willing and ready to continue them. This suit is brought merely to enforce the alleged agreement for a lien. There is also a prayer for general relief.

The evidence fails to show an express agreement for such a lien, and the plaintiff having intended a gift to his daughter, no trust can result from the mere fact of his having paid for property taken in her name. The gift was, however, subject to the condition subsequent, that the stipulated payments be made. Had the title to the land emanated directly from the father, a vendor's lien would no doubt have arisen. As the matter stands,

the daughter accepted the land, with its attendant burden. That burden is a contract obligation, and therefore cognizable at law. But since it would be inequitable for her to retain the benefit dissociated from the burden, the latter must also be regarded in equity as a charge upon the former. This equitable lien, or charge, arises not from any express agreement therefor between the parties, but by mere implication of law as to their presumed intention. *Yearly* v. *Long,* 40 O. S., 27; *Wright et al* v. *Franklin Bank et al,* 59 O. S., 80, and that part of the opinion found on page 94.

The strength of this implication consists in the facts that the father, instead of making a direct gift of money to his daughter, saw fit to invest it in fixed property, which he caused to be conveyed to her, upon her assumption of the burden which he imposed therewith.

The plaintiff may therefore take a decree declaratory of the equitable charge herein defined. But inasmuch as his daughter's sole default, either actual or threatened, consists in a simple denial of this abstract proposition of law, we think the plaintiff should pay the taxable costs of having his interest in the premises judicially determined.